IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY L. BROWN, #R61824, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No. 11-CV-0414-MJR |
| | ) |
| GLADYSE TAYLOR, DERWIN LEE | ) |
| RYKER, JASON O. HENTON, JEANNE | ) |
| CAMPAELLA, LIEUTENANT | ) |
| RUSSELL J. GOINS, NATHAN E. BOYER, | ) |
| JAMES M. KESSEL, ROBERT N. | ) |
| WEAVER, NURSE KIMBERLY and | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, an inmate currently incarcerated at Pontiac Correctional Center, was at the time relevant to this action housed at the Lawrence Correctional Center. He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for injuries he allegedly received as a result of being beaten by Defendants Robert Weaver, James Kessel, Nathan Boyer, Benny Dallas and Lieutenant Harris.[1] More specifically, Plaintiff claims that these Defendants beat him about the leg, back, groin, head and "above the chest." Plaintiff also alleges that he was housed in the special housing unit for one year and three months because of procedures at a disciplinary hearing that failed to meet the requirements

---

[1] While Dallas and Harris are not included in the docket sheet and Plaintiff provided no case caption, claims against them are clearly stated, so the Court will direct the Clerk to add these Defendants to the docket sheet.

1

of due process. Lastly, Plaintiff claims that Defendants were deliberately indifferent to his medical needs after he was assaulted,

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim for excessive force against Defendants Weaver, Kessel, Boyer, Dallas and Harris (Count 1). As to Plaintiff's claim that disciplinary proceedings against him did not meet constitutional standards (Count 2), the Fourteenth Amendment is satisfied with compliance with procedural due process requirements that include advance written notice of the charges, a hearing by an impartial panel, an opportunity to call witnesses (when consistent with institutional safety), and a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action. ***Wolff v. McDonnell* 418 U.S. 539, 558 (1974) (citation omitted)**. *Wolff* guarantees an inmate the right to present evidence in his defense, and Plaintiff need only allege that one of these procedural requirements was not met, a requirement amply met by the complaint. However, Plaintiff's complaint specifically implicates only one Defendant – Goins. Plaintiff alleges that Goins denied his request to present witnesses or documentary evidence and that Goins' presence on the panel denied Plaintiff an impartial hearing. The Seventh Circuit recently found that a segregation term of 90 days fell "just beyond those terms that we have held do not require inquiry into conditions." ***Younger v. Hulick*, 2012 WL 1633032, at \*3 (7th Cir. May 10, 2012) (collecting cases)**. Plaintiff's term of one year and three months warrants further investigation into the conditions of segregation, so his claim against Goins will be allowed to proceed.

Lastly, Plaintiff claims that Defendants were deliberately indifferent to his medical needs after he was assaulted (Count 3). The doctrine of *respondeat superior* is not

applicable to § 1983 actions, and Plaintiff does not allege that the following Defendants were "personally responsible" for the denial of medical care: Taylor, Ryker, Henton, Campaella, Goins, Boyer, Kessel and Weaver.  *See Sanville v. McCaughtry,* **266 F.3d 724, 740 (7th Cir. 2001)**.  Because no other claims were alleged against Taylor, Henton and Campaella, these Defendants are **DISMISSED** from this action without prejudice.  Defendants Ryker, Goins, Boyer, Kessel and Weaver are **DISMISSED** without prejudice as to Count 3.  The claim against the IDOC is **DISMISSED** without prejudice because "sweeping allegations of unconstitutional conspiracies" hatched by the IDOC, its agents and employees are too vague to state a claim. *Pinkston-El-Bey v. Illinois,* **358 Fed.Appx. 713, 714 (7th Cir. 2009)** (**citing** *Ashcroft v. Iqbal,* **556 U.S. 662, 670 (2009)** (**citing** *Bell Atl. Corp. v. Twombly,* **550 U.S. 544, 555 (2007))**.  Plaintiff's complaint alleges no facts that plausibly suggest he is entitled to relief against the IDOC.  The claim shall proceed against Defendant Kimberly, who, allegedly, contrary to IDOC protocol, denied Plaintiff medical treatment for failure to pay $200.00.

**Disposition**

In summary, Defendants Taylor, Henton, Campaella and the IDOC are **DISMISSED** from this action without prejudice.  The action proceeds against Defendants Robert Weaver, James Kessel, Nathan Boyer, Benny Dallas and Lieutenant Harris on Plaintiff's claim of excessive force (Count 1); against Defendant Goins on Plaintiff's due process/conditions of confinement claim (Count 2); and against Defendant Kimberly on Plaintiff's claim of deliberate indifference to serious medical needs (Count 3).  The Clerk of Court is **DIRECTED** to add Defendants Benny Dallas and Lieutenant Harris to the docket sheet.

The Clerk of Court shall prepare for Defendants Robert Weaver, James Kessel, Nathan Boyer, Benny Dallas, Lieutenant Harris, Russell Goins and Nurse Kimberly:  (1) Form 5

(Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 9, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge